Paul ENNIS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services of the United States, Defendant.

Civ. No. 84–313–E.

United States District Court, S.D. Iowa, C.D.

Sept. 3, 1985.

Robert W. Pratt, Des Moines, Iowa, for plaintiff.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter came on for hearing on the 29th day of August, 1985, upon the supplemental application for an attorney fee filed by the counsel for plaintiff, Robert W. Pratt. After having heard the statements of counsel for the plaintiff and defendant having informed the Court that under the special circumstances of this case that the plaintiff's attorney is entitled to 25% of the sum awarded and not at the rate of $125.00 per hour as previously ordered by the Court, the Court concludes that 25% of the sum awarded by the Secretary is appropriate under the circumstances set out below.

By virtue of a collective bargaining agreement with the International Union of United Automobile, Aerospace and Agricultural Implement Workers of America, the plaintiff is obligated to repay John Deere the sum of $17,199.00. The Court finds that since the money is going to John Deere as well as the claimant, a fee should properly be assessed as follows: 25% of the gross amount received by claimant plus 25% of the gross amount due John Deere, making a total fee in the sum of $10,275.80. The Court attaches to this order the award certificate issued by the Social Security Administration to the claimant and counsel on July 28, 1985, and makes particular reference to page 3 wherein the past due benefits are shown to have been $41,103.20 and the 25% or withheld figure to have ended in April 1985, the month before the Court's favorable judgment.

Counsel for the plaintiff has indicated that the plaintiff has been informed of his Application for Supplemental and has no objection to the Court's entry of same.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that counsel for the plaintiff is hereby authorized to charge the total sum of not to exceed $10,275.80 in the percentages set out above.

IT IS FURTHER ORDERED that this Court's Order of July 24, 1985 as it pertains to attorney fees is set aside.

## APPENDIX

SOCIAL SECURITY AWARD CERTIFICATE

From: Department of Health and Human Services

Social Security Administration

Date July 28, 1985

Claim Number: 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 HA

| Type of Benefit | Date of Entitlement | Monthly Benefit |
|---|---|---|
| DISABILITY | 06/80 | $604.20 |
| | 06/81 | $671.90 |
| | 06/82 | $721.60 |
| | 12/83 | $746.80 |
| | 12/84 | $772.90 |

Paul Ennis
219 4 St Apt 117
Des Moines IA 50309

Shortly after July 10, 1985, you will receive a payment for $315.00 which represents all benefits due you through June 1985. Thereafter, a check for $757.00 will be sent to you each month.

Because of a change in the law, your regular payment will be rounded down to the dollar even though your monthly benefit of record may be in dollars and cents.

The next payment has been adjusted by $1,214.00, the amount of the special payment(s) received while work on this claim was being completed.

Your hospital insurance coverage under title XVIII of the Social Security Act begins June 1982.

Your medical insurance coverage under title XVIII of the Social Security Act begins July 1985.

This notice may be used if Medicare services are needed before you receive your health insurance card. You should receive your card within 4 weeks.

If you do not want medical insurance, complete the enclosed card and return it to us in the postage-free envelope by the date shown on the card. If you decide to decline coverage, any premiums paid or deducted will be refunded.

The payment you will receive shortly after July 10, 1985 will be adjusted by $15.50 for all medical insurance premiums due through July 1985. Medical insurance premiums will be deducted 1 month in advance.

A disabled wage earner becomes entitled to Hospital Insurance Benefits effective with the 25th month of entitlement to disability benefits.

A disabled wage earner can also become enrolled in Supplementary Medical Insurance effective with the 25th month of entitlement to disability benefits. Due to our current action you now have coverage and premium liability beginning June 1985. If you wish to have your coverage begin earlier, you have the right to choose coverage beginning June 1982, provided that within 30 days after the date of this notice you:

1. Submit a signed request for coverage beginning as of June 1982; and

2. Authorize the Social Security Administration to withhold the amount of $498.80 from your monthly benefits for premiums due from June 1982 through June 1985.

You also have the right to refuse Supplementary Medical Insurance coverage. If you refuse Supplementary Medical Insurance coverage, any premiums improperly deducted will be refunded to you.

If you return to work while you are still disabled, you may be entitled to a trial work period to test your ability to resume work. During this period you may work in as many as 9 months (which need not be consecutive) and still receive your disability benefit payments no matter how high your earnings. After the trial period has ended, we will consider the work you did in determining whether you have shown by your work activity that your disability has ended. However, you are not entitled to a trial work period if:

You are entitled to a period of disability but not to disability insurance cash benefits; or

You are receiving benefits in a second period of disability for which you did not have to complete a waiting period.

## Responsibilities of People Receiving Disability Benefits

To prevent any incorrect payments, please notify us promptly if:

You have already returned to work when you receive this notice; or

You return to work in the future, regardless of how much you earn.

Other events you need to report are listed in the enclosed booklet entitled "Your Social Security Rights and Responsibilities—Disability Benefits." If you return to work, refer to pages 17, 18, and 19 for information about how working might affect your benefits.

Your claim will be reviewed from time to time to see if you are still eligible for benefits based on disability or blindness. When your claim is reviewed, you will be contacted if there is any question as to whether your eligibility continues.

The change in benefit rates is due to amendments to the Social Security Act.

Section 206(b)(1) of the Social Security Act provides that your attorney may ask the court to approve a fee not to exceed 25 percent of past benefits due you. The past-due benefits are those which are payable through April 1985, the month before the month the court's decision was rendered. Accordingly, we are withholding the amount of $10,275.80 which represents 25 percent of your past-due benefits of $41,103.20 pending action by the court on the amount of the attorney's fee. The amount withheld will be applied against the fee set by the court and will be mailed directly to your attorney; any remaining amount will be sent to you. The amount of your first payment includes benefits through June 1985.

You are not eligible for any type of benefit other than what is stated on this certificate. Entitlement to another benefit on this or any other record in the future requires a separate application.

We are sending a copy of this notice to your attorney.

This action is in accordance with the decision of the United States District Court.

If you believe that this determination is not correct, you may request that your case be reexamined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice. You may make any such request through any Social Security office. If additional evidence is available, you should submit it with your request.

Acting Commissioner
of Social Security

This certifies that you (or the person(s) on whose behalf you applied), became entitled under the Social Security Act to the Social Security benefits shown.